# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| IN RE: | : | |
| Alan David Graves | : | CASE NO.: 16-02214 |
| Bobby Jean Graves | : | DEBTORS' PLAN |
| Debtor(s). | : | |

The Debtor(s) propose the following Plan under 11 U.S.C. § 1321, 1322.

(1)     The Debtor(s), or Debtor(s) employer, shall pay to the Trustee, out of Debtor(s) future earnings or other income, the sum $  431.00     each month.  The Debtor(s) submit(s) all, or such portion of Debtor(s)' future earnings or other income as is necessary for the execution of the Plan, to the control of the Trustee, 11 U.S.C. § 1322(a)(1).  The Trustee may reevaluate the Plan payment amount after the expiration of the Bar Date for filing claims herein and that should a greater payment amount be required to satisfy all claims in full, the Debtor(s) agree to allow the Trustee to amend the Plan accordingly. In addition, the Debtor(s) shall send copies of Debtor(s) federal and state tax returns to the Trustee each year. The term of this Plan is   60    months.

(2)     All claims entitled to priority under 11 U.S.C. § 507 shall be paid in full in deferred cash payments, unless the holder of a particular claim agrees to a different treatment of such claim.  11 U.S.C. § 1322(a)(2).

(3)     The Debtor(s) is allowed to classify an unsecured consumer claim differently if it is guaranteed by another individual.  11 U.S.C. § 1322 (b)(1).

(4)     Creditors holding unsecured claims shall be divided into three classes.  11 U.S.C. § 1322 (a)(3).

**Class A.**     Class A shall consist of Creditors holding allowed unsecured claims of $10.00 or less.  The claims of such Creditors shall be paid in full prior to any payment on unsecured claims in Class B.

**Class B.**     Class B shall consist of Creditors holding allowed unsecured claims for any amount greater than $10.00.  The claims of such Creditors shall be paid pro rata over the period of the Plan.

**Class C.**     Class C shall consist of unsecured Creditors who fail to file their claim on or before the last date established by the Court to file a claim.  Claims in this class shall be classified as untimely claims and be paid zero percent.

(5)     Creditors holding allowed unsecured claims in Classes A and B shall be paid on a pro-rata
        basis which shall be approximately   100   cents on each dollar.  No interest accruing after
        the date of the filing of the petition shall be allowed on claims of Creditors holding allowed
        unsecured claims.  Unmatured interest shall be rebated in determining the allowed amount
        of any such claim.  11 U.S.C. § 502(b)(2).

        (A)

(6)     The holder of any allowed secured claim provided for by the Plan shall retain a lien securing
        such claim until the Debtor(s) have made the payment of the underlying debt determined
        under non-bankruptcy law or discharge as required under 11 U.S.C. § 1325(a)(5)(B)(i);
        whichever occurs sooner.  Secured Creditors are notified pursuant to 11 U.S.C. § 1322(b)(2)
        that this Plan does modify the rights of holders of secured claims.

        (A)     The post-petition payments on the claim of Seterus Inc, which is secured by  the
                Debtor(s)' homestead, shall be paid directly by the Debtor(s).

        (B)     The post-petition payments on the claim of Hyundai Motor Finance, which is secured
                by the Debtor(s)' 2013 Hyundai, shall be paid directly by the Debtor(s).

**NOTICE TO SECURED CREDITORS REGARDING THE SENDING OF
MONTHLY STATEMENTS:**

**Creditors whose loans are secured by motor vehicles and are receiving post petition
payments directly from the Debtor(s) are authorized to send to the Debtor(s) monthly
statements for the payment of Debtor(s)' Post-Petition payments.  Said monthly
statements shall not be a violation of the automatic stay.**

**Mortgage Creditors are hereby notified that by virtue of this Plan, they are authorized
to send to the Debtor(s) monthly statements for the payment of Debtor(s)' Post-Petition
mortgage payments.  Said monthly statements shall not be a violation of the automatic
stay.**

(7)     The Debtor(s) will pay all post-petition claims allowable under 11 U.S.C. §1305 when and
        if such a claim arises and said claims shall be paid in full.

(8)     The Trustee shall make periodic cash payments to the holder of any allowed secured claim
        at a rate in excess of any decreases in value of any personal property securing the claim.  11
        U.S.C. § 361(1).  Distribution to secured Creditors will not commence until their claim is
        allowed.  Distributions to allowed secured claims shall be paid contemporaneously with
        priority claims and allowed unsecured claims shall not begin to receive distributions until the
        secured and priority claims have been paid in full.

(9)     The Debtor(s) intends to surrender the property subject to the following claims.  11 U.S.C.
        § 1325(a)(5)(c).  Such surrender shall be deemed a satisfaction of the secured claim in the
        amount indicated.

                                                                Value of Surrendered Property
        (A)                                                     $_____

(10)   The Debtor(s) complains that each of the following liens are either judicial or non-possessory, non-purchase money liens encumbering property of a kind specified in 11 U.S.C. § 522(f)(2)(A)(B) or (C), which the Debtor(s) has claimed as exempt and is entitled to claim as exempt in this case.  Unless any such lien Creditor listed below in this paragraph files a timely objection to the confirmation of the Plan and the Court after hearing the objection finds the Debtor(s) may not avoid the lien of such Creditor under 11 U.S.C. § 522(f), then upon confirmation of the Plan the property encumbered by the lien of any such lien Creditors shall vest in the Debtor(s) free and clear of any lien claim or interest of any of the Creditors as provided by 11 U.S.C. § 1327, and the claims of the Creditors shall be allowed as unsecured claims and paid on a parity with other allowed unsecured claims.

(A)

(11)   **EXECUTORY CONTRACTS:**

(A)    The Debtor(s) hereby rejects as burdensome the following executory contracts of the Debtor(s).  Any claim filed by a Creditor arising from the rejection of such executory contract shall be allowed as if such claim had arisen before the date of the filing of the petition, subject to the right of the Debtor(s) or the Trustee to object to the amount of the claim.  11 U.S.C. § 520(g).

(1)

(B)    The Debtor(s) hereby assumes the following executory contracts.

(1)

(12)   **CREDITORS SECURED BY PERSONAL PROPERTY:**

The following named secured Creditors have a lien on collateral in the possession of the Debtor(s).  Opposite each secured Creditor's name is the dollar amount of the value the Debtor(s) places on the secured Creditor's interest in the estate's property.  Unless a secured Creditor objects to the value fixed herein prior to the Bar Date for Objecting to the Plan then the amount set out will be deemed the value of the secured Creditor's interest for purposes of establishing the secured claim to be paid by the Trustee through the Plan.  Furthermore, it is the Debtor(s)' intent that any claim allegedly secured by personal property which is not specifically provided for in this paragraph is deemed to be an unsecured claim and shall be treated and classified as such for purposes of determining the manner in which the Trustee will pay the claim.

Value

(A)                                                                    $_____

(13)   **CREDITORS SECURED BY REAL ESTATE:**

The following named secured Creditor(s) have a mortgage against real estate owned by the Debtor(s).  Opposite each Creditor's name is the dollar amount of the mortgage arrearages which existed on the date of the filing of the Bankruptcy Petition.

**Mortgage claims shall be filed by the claims bar date; however, in the event that a mortgage creditor cannot file their Proof of Claim by said bar date, then said bar date is extended until the date that said Proof of Claim actually gets filed and the Trustee shall pay said Claim.**

|     |     | Amount |
|-----|-----|--------|
| (A) | Seterus, Inc. | $19,534.00 |
|     | (Arrearages on real estate listed on Schedule A including all costs of foreclosure) | (Estimated Amount) |

**Should the Proof of Claim contain a different amount, then the Trustee shall pay the amount set forth in the Proof of Claim.**

**Once said Creditor has received full payment from the Trustee of the amount provided for in this paragraph, then the Creditor shall set aside the Decree of Foreclosure entered in the Marion County District Court of Iowa case entitled:**

*Federal National Mortgage Association ("Fannie Mae"), a Corporation organized and existing under the Laws of The United States of America*
*vs.*
*Alan D. Graves; Bobby J. Graves; U.S. Bank National Association Successor in Interest to U.S. Bank National Association, N.D.; and Michael Van D. Van Wyk*

*Case Number:  05631 EQCV095684*

**and then shall dismiss said Foreclosure proceedings and reinstate the Mortgage.**

(14)   The Debtor(s) further represents an ability to carry out this Plan, that it is in good faith, and is his best effort.

(15)   The Trustee from time to time during the period of extension may increase or reduce any amount of the installment payments provided by the Plan or extend or shorten the time for any such payments, where the circumstances of the Debtor(s) so warrant or require; provided, that any moratorium on payments or reductions in amount in excess of a period of 90 days must be with Court approval.

Dated:   11/09/2016

/s/     Alan David Graves
Alan David Graves


Dated:   11/09/2016

/s/     Bobby Jean Graves
Bobby Jean Graves


/s/     Michael L. Jankins
Michael L. Jankins     IS9-99-9998
700 Second Avenue Suite 103
Des Moines, Iowa   50309
Telephone:     (515) 255-1855
Facsimile:     (515) 867-5392
ATTORNEY FOR DEBTOR(S)

Summary of Debts as scheduled:

| | |
|---|---|
| Priority: | $          0.00 |
| Secured or partially secured: | $    79,000.00 |
| Unsecured: | $     4,000.00 |
| TOTAL: | $    83,000.00 |

## CERTIFICATE OF SERVICE

I, Candace E Dupuy, state I am the secretary for Michael L. Jankins, and on the  30  day of November, 2016
I personally mailed a copy of the foregoing Debtor(s)' Plan to the following:

Alan and Bobby Graves
934 128th Avenue
Knoxville    IA    50138

Benjamin Hopkins
Attorney at Law
1350 N.W. 138th St. Suite 100
Clive, IA 50325

Hyundai Motor Finance
PO Box 20829
Fountain Valley, CA 92728

Knoxville Hospital & Clinics
1002 S. Lincoln
Knoxville, IA 50138

Seterus, Inc
Attn Bankruptcy Dept
PO Box 2206
Grand Rapids, MI 49501

the same being in a sealed envelope with the proper postage thereon addressed to the said person and/or
business at the last known post office address, by depositing the same on said date in a United States Post
Office mail receptacle.

> Debtor's Plan will be electronically mailed by the Clerk to:

> Office of US Trustee @ USTPRegion12.DM.ECF@usdoj.gov
> Carol F. Dunbar cfdunbar@cfu.net

> /s/____Candace E. Dupuy_____
> Candace E. Dupuy